1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             CENTRAL DISTRICT OF CALIFORNIA

10   DAVID R. VALADEZ,                    )   Case No. CV 10-4782 PJW
                                          )
11              Plaintiff,                )
                                          )   MEMORANDUM OPINION AND ORDER
12        v.                              )
                                          )
13   MICHAEL J. ASTRUE,                    )
     COMMISSIONER OF THE                  )
14   SOCIAL SECURITY ADMINISTRATION,      )
                                          )
15              Defendant.                )
                                          )
16

17                              I. INTRODUCTION

18       Before the Court is Plaintiff's appeal from a decision by

19   Defendant Social Security Administration ("the Agency"), denying his

20   application for Supplemental Security Income ("SSI") and Disability

21   Insurance benefits ("DIB").  Plaintiff claims that the Administrative

22   Law Judge ("ALJ") erred when he overlooked two reviewing doctors'

23   opinions that Plaintiff was too limited to work.  For the reasons

24   explained below, the Court concludes that the ALJ did not err and

25   affirms the Agency's decision denying benefits.

26                         II. SUMMARY OF PROCEEDINGS

27       On January 21, 2005, Plaintiff applied for SSI, alleging that he

28   was disabled as of December 26, 2003, due to a head injury, hearing

1  loss, loss of equilibrium, dizzy spells, inability to focus,

2  blackouts, and headaches.  (Administrative Record ("AR") 55-59, 70-71,

3  224-25.)  His claim was denied initially and on reconsideration.  He

4  then requested and was granted a hearing before an ALJ.  On January

5  18, 2007, Plaintiff appeared and testified at the hearing.  (AR 230-

6  50.)  On February 7, 2007, the ALJ issued a decision denying benefits.

7  (AR 16-23.)  Plaintiff appealed to the Appeals Council, which denied

8  review.  He then filed an action in this court.  On October 30, 2008,

9  the Court reversed the Agency's decision and remanded the case for

10  further proceedings.  On March 30, 2010, the ALJ held another hearing.

11  (AR 478-514.)  On April 28, 2010, the ALJ issued a decision denying

12  benefits.  (AR 251-65.)  This appeal followed.

13                            III. DISCUSSION

14      Reviewing physician Greta Johnson determined that Plaintiff had a

15  cognitive disorder, which resulted in moderate impairment in work-

16  related functions.  (AR 442-44, 453-62.)  The ALJ found that Plaintiff

17  had the residual functional capacity to perform "simple routine work

18  with no more than occasional public contact."  (AR 261.)  Plaintiff

19  contends that the ALJ erred in this finding because it is inconsistent

20  with Dr. Johnson's opinion, which the ALJ expressly adopted.  (Joint

21  Stip. at 4-5.)  Plaintiff suspects that the ALJ simply overlooked Dr.

22  Johnson's residual functional capacity assessment as evidenced by the

23  fact that the ALJ did not mention it.  (Joint Stip. at 5.)  For the

24  following reasons, the Court rejects Plaintiff's argument.

25      The ALJ expressly identified Dr. Johnson's residual functional

26  capacity assessment.  That assessment is identified in the record as

27  Exhibit 8F and found at pages 442-44 in the record.  In addressing Dr.

28  Johnson's work, the ALJ identified the exhibit and in fact noted that,

2

in it, Dr. Johnson had concluded that Plaintiff could perform simple, repetitive tasks.  (AR 261.)  Thus, Plaintiff's argument that the ALJ overlooked Dr. Johnson's assessment as evidenced by the fact that he did not mention is rejected because it is contradicted by the record.

Plaintiff complains that, assuming that the ALJ had considered the assessment, he never explained why he was rejecting it and that that, in and of itself, was error.  (Joint Stip. at 5.)  Here, Plaintiff's argument has a little more traction.

The ALJ never specifically explained his reasons for rejecting Dr. Johnson's findings that Plaintiff was moderately impaired in essentially every functional ability necessary to perform work, i.e., to understand and remember, to concentrate and persist, and to work with supervisors and the general public.  The ALJ should have done so, but, for the reasons explained below, the ALJ's error was harmless because it did not affect the ultimate non-disability determination.  *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (explaining, in the Social Security context, an error is harmless if it is "inconsequential to the ultimate non-disability determination").  To begin with, the ALJ qualified his reliance on Dr. Johnson's opinion by explaining that he was only "generally" relying on it.  (AR 261.)  Further, as the ALJ noted, Dr. Johnson concluded that, despite Plaintiff's limitations, he was able to perform simple, repetitive work.  (AR 261, 444.)  Finally, the ALJ also relied on examining doctor Steven Brawer's opinion.  (AR 261.)  After conducting a complete psychological examination, which included intelligence testing, Dr. Brawer concluded that Plaintiff would have little or no limitations on his ability to perform the various functions necessary for work.  (AR 445-61.)  Since Dr. Brawer was an

3

examining doctor, his opinion was entitled to more weight than Dr. Johnson's, all things being equal. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1285-86 (9th Cir. 1996) (citing *Pitzer v. Sullivan*, 908 F.2d 502 (9th Cir. 1990)). This is especially true where, as here, Dr. Johnson's opinion was set forth in two check-the-box forms and Dr. Brawer's was explained in a seven-page individualized report. *See Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983) (noting individualized medical opinions are preferred over check-the-box forms). For these reasons, the Court concludes that the ALJ's failure to explain why he was not accepting certain parts of Dr. Johnson's opinion and was, instead, accepting the corresponding parts of Dr. Brawer's decision was harmless.[1]

Plaintiff also contends that the ALJ erred by failing to explain why he did not accept reviewing physician Dr. Estrin's finding that Plaintiff could not perform work that involved balancing. (Joint Stip. at 5, 7.) This claim is not supported by the record. The ALJ found that Plaintiff could not perform work that required balancing in his residual functional capacity determination and incorporated that limitation in the hypothetical question to the vocational expert. (AR 257, 510.) As such, this argument does not require reversal.[2]

---

[1]   It does not take much to justify the rejection of a non-examining doctor's opinion; specific evidence in the medical record is all that is required. *Sousa v. Callahan*, 143 F.3d 1240, 1244-45 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record.").

[2]   Plaintiff had also argued that the ALJ erred in failing to provide any reasons for rejecting the stooping limitation found by Dr. Estrin (Joint Stip. at 5-6), but withdrew that argument in light of the Agency's argument in opposition to that claim.

4

IV. CONCLUSION

For the reasons set forth above, the Court concludes that the ALJ did not err.  The Agency's decision, therefore, is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: August 22, 2011.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\VALADEZ, 4782\memo.opinion and order.wpd

5